UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL MCGEE,

        Plaintiff,

v.                                                              Case No. 05-C-845

DEPARTMENT OF HEALTH AND
FAMILY SERVICES, et al.,

        Defendants.

## ORDER

Plaintiff, who is serving a commitment at Sand Ridge under Wis. Stat. Ch. 980 (Sexually Violent Person Commitments), has filed an action under 42 U.S.C. § 1983. Ordinarily, a plaintiff must pay a statutory filing fee of $250 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay any portion of the filing fee. And because plaintiff is under a civil commitment, as opposed to serving a sentence for a crime, he is not a prisoner within the meaning of the Prison Litigation Reform Act and 28 U.S.C.§ 1915's provisions requiring the assessment and

collection of the full filing fee over time do not apply. *West v. Macht*, 986 F. Supp. 1141, 1142 (W.D. Wis. 1997). Thus, in forma pauperis status will be granted.

Though inmates who are involuntarily committed, rather than convicted, are not deemed prisoners under the Prison Litigation Reform Act, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims on which relief may be granted. It is clear in the present case that the complaint fails to state a claim.

Plaintiff complains of outrageous behavior on the part of Sand Ridge staff and its director. The crux of plaintiff's complaint is that other persons at Sand Ridge are given more privileges because they are participating in treatment and the plaintiff is not. Others have better jobs, can cook for themselves, purchase items from the canteen, and sleep on better mattresses. This, the plaintiff claims, is a coercive effort to convince the plaintiff to engage in treatment, which he apparently is resisting, and such conduct in his view violates the ethical standards of the American Psychiatric Association.

These claims do not state a claim under the Constitution and the complaint must therefore be dismissed. Certainly, had agents of the state forced the plaintiff to undergo unwanted medical treatment, he would have a claim. But by simply offering incentives for the plaintiff's participation, the state actors here are merely doing their jobs, which is to encourage treatment and the opportunity for growth, which is, after all, that is the premise on which Chapter 980 is founded. If such behavior constitutes unethical psychiatric practices, the plaintiff might be able to file a complaint with the therapists' supervisory ethics board; but, contrary to the plaintiff's beliefs, such activity does not violate the Bill of Rights or the Fourteenth Amendment. *See Tijerina v. Offender Management*

*Review Committee,* 91 Fed. Appx. 86, 91 (10th Cir. 2004)(withdrawal of ordinary privileges based on a prisoner's refusal to participate in sex therapy and admit bad acts does not violate Fifth Amendment); *see also Thielman v. Leean,* 282 F.3d 478, 484 (7th Cir. 2002)("any person already confined may not nickel and dime his way into a federal claim by citing small, incremental deprivations of physical freedom".)

**IT IS THEREFORE ORDERED** that plaintiff's request to proceed in forma pauperis is granted.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED**.

Dated this   26th   day of August, 2005.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
